UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN LOPEZ, PETRUS MCFARLANE, JOSEPH NASARIO, CEDRIC OVERTON, AND LENORA HECTOR, Individually and on behalf of all other persons similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>DUTCH EXPRESS, LLC d/b/a DUTCH EXPRESS, DUTCH EXPRESS II LLC d/b/a DUTCH EXPRESS, MARCUS HOED, ARIELLA AZOGUI, and AVIV SISO, Jointly and Severally,<br><br>          Defendant. | ECF CASE<br><br>No.: _____<br><br><u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1.    Plaintiffs Carmen Lopez, Petrus McFarlane, Joseph Nasario, Cedric Overton, and Lenora Hector (collectively, "Plaintiffs") work as couriers for Defendants Dutch Express, LLC d/b/a Dutch Express, Dutch Express II LLC d/b/a Dutch Express, Marcus Hoed, Ariella Azogui and Aviv Siso's (collectively, "Defendants") courier delivery service.

2.    Plaintiffs allege on their behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay; (iii) failing to pay for all hours worked, (iv) failing to pay spread-of-hours pay, (v) failing to reimburse them for all job-related expenses, (vi) unlawfully retaining gratuities, and (vii) failing to provide proper wage statements under N.Y. Lab. Law § 195.3.

3.      Plaintiffs alleges on their behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by (i) failing to pay the minimum wage, (ii) failing to pay for all hours worked, and (iii) failing to reimburse them for all job-related expenses.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

6.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

7.      Plaintiff Lopez is an adult individual residing in Queens, New York.

8.      Plaintiff McFarlane is an adult individual residing in Brooklyn, New York.

9.      Plaintiff Nasario is an adult individual residing in New York, New York.

10.     Plaintiff Overton is an adult individual residing in Brooklyn, New York.

11.     Plaintiff Hector is an adult individual residing in Brooklyn, New York.

12.     Upon information and belief, Defendant Dutch Express, LLC is a limited liability company that is organized under New York law and is authorized to do business in the State of New York with its principal place of business located at 621 West 55th Street, New York, New York 10019, and with offices and a warehouse located at 13 West

38th Street, New York, New York 10018.

13.     Upon information and belief, Defendant Dutch Express II LLC (Dutch Express II LLC and Dutch Express, LLC shall hereinafter collectively be referred to as "Dutch Express") is a limited liability company that is organized under New York law and is authorized to do business in the State of New York with its principal place of business located at 621 West 55th Street, New York, New York 10019, and with offices and a warehouse located at 13 West 38th Street, New York, New York 10018.

14.     Upon information and belief, Defendants employ more than 11 employees.

15.     Dutch Express is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Dutch Express is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, cardboard boxes and cars.

16.     Defendant Hoed, upon information and belief, owns, operates and controls Dutch Express' day-to-day operations and management and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

17.     Defendant Azogui, upon information and belief, owns, operates and controls Dutch Express' day-to-day operations and management and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

18.     Defendant Siso, upon information and belief, owns, operates and controls Dutch Express' day-to-day operations and management and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

19.     Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees, controlled Plaintiffs' work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

<u>STATEMENT OF FACTS</u>

20.     Defendants provide courier services in the Manhattan area, including but not limited to, for Amazon Prime Now ("Amazon"), a same-day food delivery service. Specifically, packages that are ordered through Amazon are then delivered to Amazon customers by couriers who work for Defendants.

21.     Throughout their employment, Plaintiffs have exclusively delivered packages that are ordered through Amazon.

22.     Defendants have employed Plaintiff Nasario and Plaintiff McFarlane as walking couriers.

23.     Defendants have employed Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector as delivery drivers.

<u>Hours Worked</u>[1]

24.     Defendants have employed Plaintiffs as couriers during the following time periods: Plaintiff Lopez from July 2018 to the present; Plaintiff McFarlane from May 2014 to the present; Plaintiff Nasario from May 2016 to the present; Plaintiff Overton

---

[1] These subject lines are included only for organizational purposes.

from June 2018 to the present; and Plaintiff Hector from July 2018 to the present.

25.    Defendants schedule couriers to work the day or night shift, or both. The day shift is, at a minimum from 8:00 a.m. to 4:00 p.m. (the "Day Shift"), and the night shift is, at a minimum, from 4:00 p.m. to 11:00 p.m. (the "Night Shift").

26.    Throughout their employment, Plaintiffs have worked the Day Shift, and have occasionally worked the Night Shift in addition to the Day Shift. Plaintiff McFarlane, however, worked the Night Shift from 2014 to 2015.

27.    Throughout their employment, Plaintiffs have been regularly required to work more than their scheduled hours.

28.    Plaintiffs, in fact, have been regularly required to arrive at work between 7:00 a.m. to 7:30 a.m. each day in order to put together their orders before making deliveries. Defendants, however, have prohibited them from signing in before 7:55 a.m. or 8:00 a.m.  As a result, Plaintiffs have regularly worked, and continue to work off-the clock for between 25-55 minutes each morning.

29.    Plaintiffs have been occasionally required to work past 4:00 p.m. when they work the Day Shift, but the dispatcher has punched them out at 4:00 p.m. Plaintiffs, for example, have sometimes worked as late as approximately 5:00 p.m., but the dispatcher has punched them out at 4:00 p.m.

30.    Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector, who have been employed as delivery drivers, have sometimes been required to use Defendants' vans to make deliveries. Defendants have required them to return the vans to the warehouse after their last delivery of the day, which has usually been at approximately 4:15 p.m. or 4:30 p.m. The dispatcher, however, has always punched them out at 4:00 p.m. As a result,

Plaintiffs have regularly worked and continue to work off the clock between 15-30 minutes, sometimes more, when using Defendants' vans to make deliveries.

31.     Throughout their employment, Defendants have not provided Plaintiffs with any meal breaks, or any other breaks.

32.     Approximately 1 year ago, Defendants began employing a time tracking device for couriers to punch in and out. Prior to that time, Plaintiffs were required to sign in and out using a sign-in sheet, which was maintained by the dispatcher.

33.     From reviewing the schedule, speaking with them and personal observations, Plaintiffs know that other couriers were, like them, regularly required to work outside of their regular schedules, but were not permitted to sign in and out before or after their regularly scheduled hours.

<u>Hourly Rate, Spread-of-Hours, Gratuities and Overtime</u>

34.     From approximately 2014 to December 30, 2015, Defendants paid all couriers, an hourly rate of $8.00 per hour, and an overtime rate of $12.00 per hour.

35.     From approximately December 31, 2015 to December 30, 2016, Defendants paid all couriers an hourly rate of $8.75 per hour, and an overtime rate of $13.13 per hour.

36.     From approximately December 31, 2016 to December 30, 2017, Defendants paid all couriers $11.00 per hour, and an overtime rate of $16.50 per hour.

37.     From approximately December 31, 2017 to December 30, 2018, Defendants paid all couriers $13.00 per hour, and an overtime rate of $19.50.

38.     From approximately December 31, 2018 to January 17, 2019, Defendants paid all couriers $15.00 per hour, and an overtime rate of $22.50.

39.     Beginning on or about January 18, 2019, Defendants began paying all couriers, including Plaintiffs, $11.35 per hour, when the minimum wage was $15.00.[2]

40.     From on or about January 18, 2019 to the present, when Plaintiffs have worked more than 40 hours per week, they have been paid the overtime rate of $18.85.

41.     For employers who are paying their employees at the minimum wage and not claiming a tip credit, the minimum overtime rate is 1.5 x the statutory minimum wage, which is $22.50 for 2019 ($15.00 x 1.5) under New York Law.[3]

42.     From approximately January 18, 2019 to the present, Defendants have paid Plaintiffs below the minimum wage because, upon information and belief, they have been tipped employees and they have been availing themselves of the tip credit: the difference between the statutory minimum wage and the rate tipped employees may be paid, provided certain conditions are met.   This is often referred to as the "tipped minimum wage."

43.     Defendants have not met the necessary conditions to claim a tip credit against Plaintiffs' hourly rate.

44.     Defendants have charged all customers a delivery fee.

45.     Defendants, upon information and belief, have retained the entire delivery fee.

46.     Customers have not been informed that Defendants have been retaining any portion of the delivery fee. Customers have reasonably believed 100% of the delivery fee has been remitted to Plaintiffs.

47.     Defendants, upon information and belief, have retained a portion of the

---

[2] https://labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm
[3] https://labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm

Plaintiffs' tips. Specifically, customers may enter a tip amount through Amazon's phone or computer application, and Defendants have never permitted Plaintiffs to see how much each of the customers give them. They, instead, provide Plaintiffs with their tips at the end of each workweek, without a breakdown of how much each customer provided them.

48.     Throughout their employment, Defendants have failed to pay Plaintiffs for all hours that they worked by prohibiting Plaintiffs from signing in and out when they have worked beyond their regularly scheduled hours. Defendants, instead, have only paid Plaintiffs for the hours that they permitted them to clock in and out—their scheduled hours as opposed to the actual hours worked.

49.     For the days they have worked more than ten hours, namely when they have worked both the Day Shift and the Night Shift, Defendants have not paid Plaintiffs an extra hour at the statutory minimum wage, which is referred to as "spread-of-hours pay."

50.     Plaintiffs have not seen any poster at Defendants' office or warehouse advising them and other employees of their right to receive overtime and the statutory minimum wage.

51.     From speaking with them, Plaintiffs know that other couriers, like them, have been paid at the tipped minimum wage, have not received 100% of their tips, have not received any portion of the delivery fee, have not been paid for all of the hours they worked, and have not been paid spread-of-hours pay.

Expenses

52.     Defendants have required Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector to regularly use their own cars to make deliveries.

53.     Defendants have failed to fully reimburse Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector for the cost of driving their own cars to make deliveries.

54.     Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector have incurred costs for gasoline, repair and maintenance services, insurance, depreciation and other expenses, while making deliveries for Defendants.

55.     Defendants have failed to reimburse Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector for all of their car expenses.

56.     Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector, in fact, have never reported their mileage to Defendants. Defendants, instead, have paid them a percentage of their weekly wages for "wear and tear" on their vehicles.

57.     From speaking with them, Plaintiffs know that other couriers, like them, have not been reimbursed for gas and the "wear and tear" of the cars they have used during their working hours.

Record Keeping Violations

58.     The wage statements Defendants provided Plaintiffs did not list their correct hours.

59.     Beginning on or about January 18, 2019, the wage statements that Defendants provided Plaintiffs did not include information about the tip credit that Defendants were availing themselves of.

CLASS ACTION ALLEGATIONS

60.     Plaintiffs assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were delivery drivers and walking couriers during the

day or night shift at any time since October 22, 2013 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

61.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 40 Class Members exist.

62.     Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

63.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

64.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

65.     Plaintiffs have the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

66.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.      whether Defendants have employed Plaintiffs and the Class Members within the meaning of the Labor Law;

b.      whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants have failed or refused to pay the Class Members minimum wages for, spread-of-hours pay, and overtime premium pay for all hours worked in excess of forty (40) per workweek;

e.      whether Defendants have withheld tips or gratuities under the Labor Law, violating N.Y. Lab. Law § 196-d;

f.      whether Defendants can avail themselves of the tip credit and pay the Class Members at the tipped minimum wage;

g.      whether Defendants maintained adequate records of the tips that the Class Members received.

h.      whether Defendants have failed to reimburse Plaintiffs and the Class Members for job-related expenses;

i.      whether Defendants have failed to provide Plaintiffs and the Class Members the required statement with each wage payment under N.Y. Lab. Law § 195.3;

j.      whether Defendants have failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiffs and the Class Members are employed;

k.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

l.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

67.      Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were delivery drivers and walking couriers during the day and/or night shift since October 22, 2016 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

68.      Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.      Defendants employed them within the meaning of the FLSA;

b.      Collective Action Members performed similar duties;

c.      Defendants have failed to keep true and accurate time records for all hours Plaintiffs and the Collective Action Members worked;

d.      Defendants willfully or recklessly violated the FLSA entitling them to a 3-year statute of limitations and liquidated damages;

e.      Defendants have failed to pay the Collective Action Members minimum wages, violating the FLSA and the regulations promulgated thereunder;

f.      Defendants have failed to pay the Collective Action Members minimum wages, violating the FLSA and the regulations promulgated thereunder;

g.      Defendants have improperly withheld tips and gratuities, violating 29 U.S.C. § 203(m);

h.      Defendants have not been entitled to avail themselves of the "tip credit" for unlawfully retaining the tips;

i.      Defendants have failed to reimburse Plaintiffs and the Class Members for job-related expenses;

j.      Defendants should be enjoined from such violations of the FLSA in the future; and

k.      The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>FIRST CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Plaintiffs and the Collective Action Members)

69.     Plaintiffs reallege every preceding allegation as if set forth fully herein.

70.     Plaintiffs consent to be parties to this action under 29 U.S.C. § 216(b).

71.     Defendants employed, and/or continue to employ Plaintiffs and the Collective Action Members within the meaning of the FLSA.

72.     Defendants have knowingly failed to pay Plaintiffs and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

73.     Defendants have been required to pay Plaintiffs and the Collective Action Members the full minimum wage rate for all hours worked.

74.     Defendants have not been permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531,59, because, upon information and belief, Defendants retained the entire delivery fee, and a

portion of Plaintiffs and the Collective Action Members' tips.

75.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

76.     As a result of Defendants' FLSA violations, Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

77.     Plaintiffs reallege every preceding allegation as if set forth fully herein.

78.     Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiffs and the Class Members.

79.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the Class Members.

80.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Class Members the statutory minimum wage.

81.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

82.     Defendants have paid Plaintiffs and the Class Members below the statutory minimum wage at the "tipped minimum wage."

83.     Defendants have not been eligible to avail themselves of the Labor Law tipped minimum wage rate under 12 N.Y.C.R.R. §§ 137-2.1, 2.2 because Defendants have retained the delivery fee and a portion of Plaintiffs and the Class Action Members' tips.

84.     Defendants are, accordingly, liable to Plaintiffs and the Class Action Members for the difference between the hourly rate at which they paid them and the statutory minimum wage.

85.     Defendants have failed to pay Plaintiffs and the Class Members for all hours that they worked.

86.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members the minimum wage for all hours worked.

87.     Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>THIRD CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME UNDER THE LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

88.     Plaintiffs reallege every preceding allegation as if set forth fully herein.

89.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiffs and the Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

90.     Defendants have failed to pay Plaintiffs and the Class Members the overtime wages to which they have been entitled, violating N.Y. Lab. Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

91.     Defendants have not been permitted to claim a tip credit, because, upon information and belief, they have retained the entire delivery fee, and a portion of Plaintiffs and Class Action Members' tips.

92.     Because Defendants have not been permitted to claim a tip credit, they have been required to pay Plaintiff and the Class Action Members overtime at a rate of the statutory minimum wage x 1.5.

93.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members the correct amount of overtime wages.

94.     Due to Defendants' Labor Law violations, Plaintiffs and the Class Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other

legal and equitable relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

95.    Plaintiffs reallege every preceding allegation as if set forth fully herein.

96.    Defendants have willfully failed to pay Plaintiffs and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day that their spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

97.    By their failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the N.Y. Lab. Law Article 19, §§ 650, *et seq*. and the supporting New York State Department of Labor Regulations.

98.    Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

99.    Plaintiffs realleges every preceding allegation as if set forth fully herein.

100.    Defendants have willfully violated the N.Y. Lab. Law § 196-d by unlawfully retaining the delivery fee that they charged their customers, which should have been remitted to Plaintiffs and the Class Members.

101.    Due to Defendants' violations of the Labor Law, Plaintiffs and the Class

-17-

Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>SIXTH CAUSE OF ACTION</u>
FAILURE TO REIMBURSE EXPENSES UNDER THE FLSA
(On Behalf of Plaintiff Overton, Plaintiff Lopez, Plaintiff Hector and the Collective Action Members)

102.    Plaintiffs reallege every preceding allegation as if set forth fully herein.

103.    Defendants have required Plaintiff Overton, Plaintiff Lopez, Plaintiff Hector and the Collective Action Members to use their own cars to make deliveries, and they incurred work-related expenses, including but not limited, to gas and maintenance of using the cars for work.

104.    Plaintiffs have necessarily incurred these substantial expenses at the direction of Defendants, as a direct result of performing their job duties for Defendants.

105.    Defendants' failure to reimburse Plaintiffs and the Collective Action Members for the expenses they have incurred while employed by Defendants constitute a violation of 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.

106.    Defendants' failure to reimburse Plaintiffs and the Collective Action Members was willful within the meaning of 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.

107.    By failing to reimburse Plaintiffs and the Collective Action Members for all of their driving-related expenses, Defendants have caused their net wages to fall below the federal minimum wage.

108.    Due to Defendants' violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants all expenses that were not reimbursed, together with liquidated damages, attorneys' fees and costs.

<u>SEVENTH CAUSE OF ACTION</u>
FAILURE TO REIMBURSE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Overton, Plaintiff Lopez, Plaintiff Hector and the Class Members)

109.    Plaintiffs reallege every preceding allegation as if set forth fully herein.

110.    Defendants have failed to reimburse Plaintiff Overton, Plaintiff Lopez and Plaintiff Hector for the cost of driving their own cars to make deliveries.

111.    Plaintiffs have necessarily incurred these substantial expenses at the direction of Defendants, as a direct result of performing their job duties for Defendants.

112.    Defendants' failure to reimburse Plaintiffs and the Collective Action Members for the expenses they have incurred while employed by Defendants constitute a violation of N.Y. Lab. Law §§ 193 and 198-(b)(2).

113.    By failing to reimburse Plaintiffs and the Collective Action Members for all of their driving-related expenses, Defendants have caused their net wages to fall below New York's statutory minimum wage.

114.    Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants all unlawful wage deductions, together with liquidated damages, attorneys' fees and costs.

<u>EIGHTH CAUSE OF ACTION</u>
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

115.    Plaintiffs reallege every preceding allegation as if set forth fully herein.

116.    Defendants have willfully failed to supply Plaintiffs and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab. Law § 195.3.

117.    Due to Defendants' violations of N.Y. Lab. Law § 195.3 on or before

February 27, 2015, Plaintiffs and the Class Action Members are entitled to recover $100.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, as provided by N.Y. Lab. Law § 198(1)-d (2015), reasonable attorneys' fees, costs, injunctive and declaratory relief.

118.   Due to Defendants' violation of N.Y. Lab. Law § 195.3 on or after February 27, 2015, Plaintiffs and the Class Members are entitled to recover from Defendant $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, on their behalf and the Class and Collective Action Members, respectfully request this Court grant the following relief:

a.   Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class Members;

b.   Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award of all wages for off-the-clock work under the FLSA and Labor Law;

f.      An award that the Statute of Limitations under the FLSA is 3 years;

g.      An award for unpaid minimum wages under the FLSA and Labor Law;

h.      An award for unpaid overtime pay under the Labor Law;

i.      An award for unpaid spread-of-hours pay under the Labor Law;

j.      An award for unlawfully retained gratuities under the Labor Law;

k.      An award for work-related expenses under the FLSA and Labor Law;

l.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

m.      An award of liquidated damages as a result of Defendants' Labor Law violations;

n.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

a.      Equitably tolling the statute of limitations under the FLSA;

b.      An award of pre-judgment and post-judgment interest;

c.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

d.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
         October 22, 2019

                         LIPSKY LOWE LLP


                         <u>s/ Christopher H. Lowe</u>
                         Christopher H. Lowe
                         Sara J. Isaacson
                         420 Lexington Avenue, Suite 180
                         New York, New York 10170-1830
                         Tel: 212.392.4772
                         Fax: 212.444.1030
                         chris@lipskylowe.com
                         sara@lipskylowe.com